Van Brunt, P. J.
This action was brought to recover the amount of a promissory note made by the defendants, who were copartners in business under the firm name of' S. Trier & Son, payable four months after date to the order of E. Herman & Son, and endorsed by said E. Herman &- Son, and sold to the plaintiff before maturity.
The defense in the action was usury. The evidence-showed that the plaintiff in this action had exacted twelve, per cent discount from the purchase of the note from E. Herman & Son, and it was claimed upon the part of the-.defendant that it was an accommodation note and had no valid inception in the hands of E. Herman & Son, and consequently was open to the defense of usury in the hands o£ the plaintiff.
Upon the trial the plaintiffs claimed to show that the note was bought by the plaintiff with the money of his brother and for his brother’s account, and that his brother only received six per cent, and that the other six per cent was charged by said Wasserman for his services in the negotiation of the note.
It was also claimed on the part of the plaintiff that the note-had a valid inception in the hands of E. Herman & Son, and-as a consequence the plaintiff could purchase at any price at-price at which he might see fit. It was claimed that the consideration for the note in suit arose from an exchange of notes between Herman & Son and the defendants backward and forward.
These questions were clearly submitted to the jury without any exception or objection on the part of the defendants, and the verdict of the jury must, therefore, be considered conclusive if there was sufficicient evidence to go to the jury upon the questions involved.
At the close of the case the defendants moved to direct a verdict upon two gromids,
First. That the defense of usury had been established beyond a peradventure, and
Secondly. That the plaintiff is not the real party in interest.
It is true that one of the defendants, who was examined as a witness upon his own behalf, testified that he had received no value for the note in question from E. Herman & Son, but the account, showing the exchange of notes, was in evidence, and it appeared that the parties had been exchanging notes for a considerable length of time backward and forward, and from this the jury had a right to infer, notwithstanding the statement made by the defendant upon -the stand that the defendants had received no consideration for this note, that some of the other notes had *227 formed the Basis upon which the note in question was given.
As to the defense of usury, the jury, if they believed the testimony of the plaintiff in regard to the manner in which the note was purchased, and that it was for his brother and with his brother’s money, and that it was only after the note had been protested that he charged himself with the note again and brought suit upon .it, the defence of usury was not established. All these questions were clearly submitted to the jury with distinct and particular instructions upon the part of the court, and the jury having determined these issues in favor of the plaintiff, their verdict cannot be disturbed by this court upon appeal.
The only other question to be considered is an exception to a question wherein the plaintiff was asked what Herman said to him at the time that he bought this note. This evidence was undoubtedly incompetent so far as it tended to bind the defendants to the representation that the paper was business paper, and the jury were so carefully instructed by the learned judge who tried the case at circuit.
The evidence was, however, competent for the purpose of showing that the plaintiffs in this action had purchased the note in good faith supposing it was business paper, and had no reason to believe that it had any other character.
It would appear, therefore, although if the verdict of the jury had been in favor of the defendants it could not have been disturbed, .that there was sufficient evidence from which the jury might find that the note had a valid incention, and that it was not erroneous.
Under these circumstances there seems to have been no error in the conduct of the trial, .and the judgment appealed from should be affirmed with costs.
Brady and Daniels, JJ., concur.